**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2124
_____

IN RE: JULIO AVILES, SR.,
                                                    Petitioner

_____

On Petition for a Writ of Mandamus to the
United States District Court for the Middle District of Pennsylvania
(D.C. Nos. 1-15-cr-00181 & 1-20-cv-00290)
District Judge: Honorable John E. Jones, III

_____

Submitted Pursuant to Fed. R. App. P. 21
on August 13, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 10, 2020)
_____

OPINION[*]
_____

PER CURIAM

   Julio Aviles, Sr., is a federal prisoner currently awaiting resentencing in the United

States District Court for the Middle District of Pennsylvania.  In February 2020, while

resentencing was pending, Aviles filed a pro se motion pursuant to 28 U.S.C. § 2255

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

challenging his convictions. That motion was docketed in his criminal case, M.D. Pa. Crim. No. 1:15-cr-00181, and a new civil case was also opened for the matter, M.D. Pa. Civ. No. 1:20-cv-00290. In May 2020, Aviles filed a motion in the civil matter asking the District Court to adjudicate his § 2255 motion. The District Court then entered an order in the criminal matter dismissing the § 2255 motion without prejudice as premature. The District Court's order was not docketed in the civil matter and, although the District Court directed counsel to provide Aviles with a copy of the order, it appears that Aviles never received one. As a result, on May 26, 2020, Aviles filed in this Court a petition for writ of mandamus asking us to compel the District Court to adjudicate his § 2255 motion.

Given that the District Court has already adjudicated the § 2255 motion, this case does not present a live controversy. Therefore, we will dismiss the mandamus petition as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996). This dismissal is without prejudice to Aviles' ability to file a § 2255 motion after resentencing.